IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WEE CARE CHILD CENTER, INC., *et al.*

        Plaintiffs,

v.

DOUGLAS E. LUMPKIN, *et al.*

        Defendants.

Case No. 2:09-cv-1059
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MARK R. ABEL

## OPINION AND ORDER

This matter is before the Court for consideration of the State Defendants' motion to dismiss (Doc. 4), Plaintiffs' motion for judgment on the pleadings against the County Defendants (Doc. 17), and the County Defendants' cross-motion for judgment on the pleadings (Doc. 20). For the reasons set forth below, the State Defendants' motion is **GRANTED** (Doc. 4), Plaintiffs' motion is **DENIED** (Doc. 17), and the County Defendants' cross-motion is **GRANTED** (Doc. 20).

I.    **Background**

Plaintiff Wee Care Child Center, Inc. ("Wee Care"), a child day care center, and Plaintiff Tonya L. Brown, the owner and officer of Wee Care, brought this antitrust action against two groups of defendants, all in their individual capacities: the "County Defendants," consisting of Douglas E. Lumpkin, Ian McDougall, Debbie Hatfield, Dianne Bridges, and John Doe I; and the "State Defendants," consisting of Carol A. Ankrom, Kristin S. Smith, Dan Lantz, Matthew Murray, Michelle Albast, Peggy Blevins, Lemuel Harrison, Jr., Michelle M. Vent, Helen E. Jones-Kelly, Barbara Riley, and John Doe II. (Am. Compl. ¶¶ 48–67.) The County Defendants are past or present employees of the Franklin County Department of Job and Family Services

("FCDJFS"). (*Id.* at ¶¶ 16–19, 30.) The State Defendants are past or present employees of the Ohio Department of Job and Family Services ("ODJFS"). (*Id.* at ¶¶ 20–29, 31.)

Plaintiffs allege that the State Defendants and County Defendants (collectively, "Defendants") failed to timely renew Wee Care's child day care license, caused the loss of Title XX funding, did not allow Plaintiffs to compete with other fully licensed child day care centers, and eventually forced them out of business. (Am. Compl. ¶ 5.)

In November of 2007, Wee Care instituted its first case in this Court, "*Wee Care I*," against ODJFS and State Defendants Jones-Kelley, Blevins, and Riley. (*Wee Care Child Center, Inc. v. Ohio Dep't of Jobs and Family Svcs.*, No. 2:07-cv-1170, Doc. 2.) Wee Care alleged violations of the Due Process Clause as well as tortious interference with contracts and business relationships. (*Id.*) After Defendants filed a motion to dismiss, Plaintiff voluntarily dismissed *Wee Care I*. (*Wee Care I*, Docs. 7, 12.)

In February of 2008, Wee Care filed another case in this Court, "*Wee Care II*," adding Ms. Brown as a plaintiff and adding State Defendants Harrison and Vent. (*Wee Care Child Center, Inc. v. Ohio Dep't of Jobs and Family Svcs.*, No. 2:08-cv-193, Doc. 2.) Alleging that ODJFS and its employees acted with racial animus, Plaintiffs sued under 42 U.S.C. §§ 1981, 1983, 1985, and 1986; and alleged state claims of tortious interference with contracts and business relationships. (*Id.*; *Wee Care II*, Doc. 22.)

While *Wee Care II* was pending, Plaintiffs filed another case, "*Wee Care III*," in the Ohio Court of Claims against the state of Ohio and ODJFS, arising out of the same facts and circumstances as those alleged in the federal cases. (*Wee Care II*, Doc. 22 at 1; *Wee Care Child Care Centers, Inc. v. Ohio*, Case No. 2008-11397.)

2

Thereafter, in *Wee Care II*, this Court dismissed the claims against ODJFS on the basis of Eleventh Amendment sovereign immunity. (*Wee Care II*, Doc. 22 at 2–4.) This Court also found that, by electing to sue ODJFS in the Court of Claims, Plaintiffs had waived their claims against the individual State Defendants "unless and until the Court of Claims determines that an individual defendant acted outside the scope of his employment or in bad faith." (*Id.* at 4–7 (citing *Leaman v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 825 F.2d 946, 951–52 (6th Cir. 1987).) The Court therefore dismissed the claims against State Defendants Jones-Kelley, Blevins, Riley, Harrison, and Vent.

In November of 2009, Plaintiffs voluntarily dismissed *Wee Care III* and filed this action. (*Wee Care III*, Entry Nov. 17, 2009; Compl.) In their amended complaint, Plaintiffs allege that Defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1, and that the County Defendants unlawfully conspired and tortiously interfered with Plaintiffs' contracts and business relationships with Plaintiffs' customers, Huntington National Bank ("HNB"), and Ohio Statewide Development Corporation ("OSDC"). (Am. Compl. ¶¶ 68–82.)

## II. Motion to Dismiss Claims Against State Defendants

### A. Standard of Review

The State Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6),[1] which requires dismissal if the complaint fails to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp.*

---

[1] The State Defendants also cite Rule 12(b)(1) but have not briefed the issue of jurisdiction.

3

*v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 129 S. Ct. at 1949–50 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

## B. Waiver of Claims

The State Defendants first assert that the claims against them should be dismissed because Plaintiffs previously sued ODJFS in the Court of Claims. Ohio Revised Code § 2743.02(A)(1) provides:

> [F]iling a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any [State] officer or employee . . . The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

This Court relied on a Sixth Circuit case interpreting § 2743.02(A)(1) when it dismissed the claims against the individual State Defendants in *Wee Care II*, holding that:

> [B]y electing to sue the state of Ohio in the Court of Claims for the same alleged conduct as that giving rise to their federal case, Plaintiffs have waived *any* claims, state or federal, against the individual, State employee defendants unless and until the Court of Claims determines that an individual defendant acted outside the scope of his employment or in bad faith.

(*Wee Care II*, Doc. 22 at 4–7 (citing *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 951–52 (6th Cir. 1987).) The Sixth Circuit has held that, under § 2743.02(A)(1), "once [a] plaintiff elect[s] to go after the sovereign state's 'deep pockets' in the Court of Claims, the plaintiff waive[s]" both state and federal causes of action against state employees. *Turker v. Ohio Dep't of Rehabilitation & Corrections*, 157 F.3d 453, 457 (6th Cir.

4

1998) (citing *Leaman*, 825 F.2d at 953–54).[2] Plaintiffs' voluntary dismissal of *Wee Care III* does not affect the waiver, which is effective unless and until the Court of Claims determines that the employees acted outside the scope of their employment or "acted with malicious purpose, in bad faith, or in a wanton or reckless manner." *Higginbotham v. Ohio Dep't of Mental Health*, 412 F. Supp.2d 806, 812 (S.D. Ohio 2005); Ohio Rev. Code § 2743.02(A)(1).

The Court finds that this case involves the same acts or omissions alleged in *Wee Care III* in the Court of Claims. In fact, as the State Defendants point out in their Reply, the section entitled "Facts of the Case" in Plaintiffs' memorandum in opposition largely matches the "Facts" section of Plaintiffs' motion for summary judgment in *Wee Care III*. While the version filed in this case contains some minor additional allegations, Plaintiffs allege in both cases that ODJFS and its employees caused Wee Care's demise by failing to timely renew Wee Care's child day care license and by causing the County Defendants to cut off Wee Care's Title XX funding. (Pls.' Mem. Opp'n 9–19; *Wee Care III*, Mot. Summ. J. 3–11, Aug. 28, 2009.)

Plaintiffs contend that the claims asserted in this case are based on different acts or omissions than the claims asserted in *Wee Care III* because they allege different elements, including criminal conduct, than those alleged in the prior litigation. (Pls.' Mem. Opp'n 20–25.) However, because Ohio Revised Code § 2743.02(A)(1) "specifically refers to an 'act' rather than an 'allegation' or 'claim,'" the statute applies even if the actions in the Court of Claims and federal court do not "share the same legal or theoretical foundation." *Thomson v. Harmony*, 65 F.3d 1314, 1319 (6th Cir. 1995). Moreover, the scope of the statute is not restricted based on the identity of the named defendants, "but instead is directed toward 'causes of action based on the

---

[2] The Court notes that a plaintiff's waiver of claims against state employees under Ohio Revised Code § 2743.02 does not result in a waiver of federal jurisdiction, but rather results in a waiver of any cause of action. *Leaman*, 825 F.2d at 954. In other words, if a plaintiff elects to sue the state in the Court of Claims, "the state's employees are given an affirmative defense which the federal court has both the jurisdiction and the duty to recognize." *Id.*, 825 F.2d at 954.

5

same act or omission.'" *Id.*, 65 F.3d at 1319 n.4. In *Thomson*, the plaintiff's complaints in federal court and the Court of Claims alleged distinct causes of action, and an individual defendant in the federal action was substituted for a different individual defendant in the Court of Claims. *Id.*, 65 F.3d at 1317 n.2, 1319. The Sixth Circuit found that the district court properly dismissed the plaintiff's federal lawsuit, however, because both complaints "derive out of the same acts or omission surrounding the discharge of [the plaintiff] and his loss of funding." *Id.*, 65 F.3d at 1319.

Because this case involves the same acts or omissions alleged in *Wee Care III* in the Court of Claims, the Court finds that, when Plaintiffs filed *Wee Care III*, they waived their claims against the State Defendants unless and until the Court of Claims determines that an individual defendant acted outside the scope of his employment or in bad faith. The Court therefore **DISMISSES** the claims against the State Defendants.

## III. Cross Motions for Judgment as to Claims Against County Defendants

### A. Standard of Review

Plaintiffs and the County Defendants seek judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to Plaintiffs' claims against the County Defendants. The standard of review for a motion under Rule 12(c) is the same as for a motion under Rule 12(b)(6), discussed above. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001)).

### B. Anti-trust Claims

The Sherman Act applies only to private action; state action is exempt. *Parker v. Brown*, 317 U.S. 341, 352 (1943). State action "is exempt from antitrust liability regardless of the State's motives in taking the action" and even where a state's actions have anticompetitive

6

effects. *Hoover v. Ronwin*, 466 U.S. 558, 580 (1984); *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117, 133 (1978). This is because, "if an adverse effect on competition were, in and of itself, enough to render a state statute invalid, the States' power to engage in economic regulation would be effectively destroyed." *Exxon*, 437 U.S. at 133. Under the Local Government Antitrust Act of 1984, the exemption also applies to employees of local governments; no damages may be recovered under the Sherman Act from an official or employee of any local government, including a county, acting in an official capacity. 15 U.S.C. §§ 34(1)(A), 35(a); *Opdyke Inv. Co. v. Detroit*, 883 F.2d 1265, 1266 (6th Cir. 1989).

Plaintiffs contend that the County Defendants' actions are entitled to immunity as state action only if they satisfy the test set forth in *California Retail Liquor Dealers Association v. Midcal Aluminum*, 445 U.S. 97 (1980). The test established in *Midcal* does not apply to actions taken directly by state actors, however. In *Midcal*, the Supreme Court "established a rigorous two-pronged test to determine whether anticompetitive conduct engaged in *by private parties* should be deemed state action and thus shielded from the antitrust laws." *Patrick v. Burget*, 486 U.S. 94, 100 (1988) (emphasis added); *see also FTC v. Ticor Title Ins. Co.*, 504 U.S. 621, 631 (1992) ("In *Midcal* . . . we announced the two-part test applicable to instances where *private parties* participate in a price-fixing regime.") (emphasis added). The *Midcal* test does not apply here because County Defendants are not private parties.

Because the County Defendants are employees of a local government, they are exempt from antitrust liability under the Local Government Antitrust Act of 1984 and the case law discussed above. Taking all of Plaintiffs' factual allegations as true, Plaintiffs fail to state an antitrust claim upon which relief can be granted. The Court therefore **DISMISSES** Plaintiffs' antitrust claim against the County Defendants.

7

### C. State Claims

Because the Court disposes of Plaintiffs' federal claims by this Order, the Court declines to exercise supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(c)(3). Consequently, Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**. *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

### IV. Conclusion

For the reasons discussed above, the Court hereby **GRANTS** the State Defendants' motion to dismiss (Doc. 4), **DENIES** Plaintiffs' motion for judgment on the pleadings against the County Defendants (Doc. 17), and **GRANTS** the County Defendants' cross-motion for judgment on the pleadings (Doc. 20). Plaintiffs' claims against State Defendants Ankrom, Smith, Lantz, Murray, Albast, Blevins, Harrison, Vent, Jones-Kelly, and Riley are hereby **DISMISSED WITH PREJUDICE**. Plaintiffs' federal claims against County Defendants Lumpkin, McDougall, Hatfield, and Bridges are hereby **DISMISSED WITH PREJUDICE**. Plaintiffs' state claims against County Defendants Lumpkin, McDougall, Hatfield, and Bridges are hereby **DISMISSED WITHOUT PREJUDICE**. The Court directs the Clerk to enter judgment.

**IT IS SO ORDERED.**

8-27-2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

8